UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LILLIAN B., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, <br> Commissioner of Social Security, <br><br> Defendant. | CASE NO. C19-6110-MAT <br><br> ORDER RE: SOCIAL SECURITY DISABILITY APPEAL |

Plaintiff proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner).  The Commissioner denied plaintiff's application for Disability Insurance Benefits (DIB) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is AFFIRMED.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1976.[1]  She has a high school education and previously worked as a bookkeeper and administrative assistant.  (AR 36.)

Plaintiff filed an application for DIB in 2016, alleging disability beginning January 31, 2013. (AR 20.)  The application was denied at the initial level and on reconsideration.

---

[1] Dates of birth must be redacted to the year.  Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER
PAGE - 1

On December 13, 2017, ALJ Marilyn Mauer held a hearing, taking testimony from plaintiff and a vocational expert. (AR 45-76.) On June 8, 2018, the ALJ held a supplemental hearing, taking testimony from a medical expert. (AR 77-90.) On October 31, 208, the ALJ issued a decision finding plaintiff not disabled from January 31, 2013, through the date of the decision. (AR 20-38.)

Plaintiff timely appealed. The Appeals Council denied plaintiff's request for review on September 25, 2019 (AR 1-3), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found plaintiff had not engaged in substantial gainful activity since the alleged onset date. At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found plaintiff had the following severe impairments: multiple sclerosis with neuropathic pain and reduced peripheral vision, lumbar degenerative disc disease and degenerative joint disease, migraine headaches, adjustment disorder with depression and anxiety, and history of trigeminal neuralgia. Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that plaintiff's impairments did not meet or equal the criteria of a listed impairment.

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has

demonstrated an inability to perform past relevant work. The ALJ found plaintiff able to perform sedentary work that does not require good peripheral vision and involves a GED reasoning level of 2 or less. She requires use of a cane in one hand while ambulating. She can never climb ladders, ropes, or scaffolds, occasionally climb ramps and stairs, stoop, crouch, kneel, and crawl, and frequently reach overhead, handle, finger, and feel. She cannot be exposed to temperature extremes, inhaled irritants, and hazards. With that assessment, the ALJ found plaintiff unable to perform her past relevant work.

If a claimant demonstrates an inability to perform past relevant work, or has no past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of the vocational expert, the ALJ found plaintiff capable of performing other jobs, such as work as a final assembler, addresser, or table worker.

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). *Accord Marsh v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015) ("We will set aside a denial of benefits only if the denial is unsupported by substantial evidence in the administrative record or is based on legal error.") Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred by rejecting the medical opinions of six treating and

ORDER
PAGE - 3

examining sources. She requests remand for further administrative proceedings. The Commissioner argues the ALJ's decision has the support of substantial evidence and should be affirmed.

## Medical Opinion Evidence

The ALJ is responsible for assessing the medical evidence and resolving any conflicts or ambiguities in the record. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014); *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008). When evidence reasonably supports either confirming or reversing the ALJ's decision, the court may not substitute its judgment for that of the ALJ. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

In general, more weight should be given to the opinion of a treating doctor than to a non-treating doctor, and more weight to the opinion of an examining doctor than to a non-examining doctor. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Where doctors' opinions are contradicted, as in this case, they may only be rejected with "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Id*. at 830-31 (quoted source omitted). Even if an ALJ includes erroneous reasons to discount a doctor's opinion, the error is harmless if the remaining reasons are valid. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination").

Plaintiff contends the treating and examining doctors' opinions were consistent with each other because they all opined she was capable of less than full-time work, and therefore should be given weight. The Commissioner disagrees and contends the opinions were inconsistent because they opined different limitations. Regardless, it is the ALJ's role to consider each opinion's consistency with the record, not the Court's, and the Court will not reweigh the evidence. Unless

ORDER
PAGE - 4

plaintiff shows specific errors in the ALJ's consideration of specific medical opinions, the Court must affirm the ALJ's decision.

Mariko Kita, M.D.

The ALJ gave little weight to several opinions by Plaintiff's treating neurologist, Dr. Kita, between February 2013 and April 2017. (AR 33-34.)

The ALJ appropriately found Dr. Kita's cursory February 2013 opinion that plaintiff was "unable to work at this time" infringed on a determination reserved for the Commissioner. (AR 1258.) *See* 20 C.F.R. § 404.1527(d)(1) ("A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled."); SSR 96-5p. Plaintiff contends an ALJ must still consider opinions regarding issues reserved to the Commissioner. However, Dr. Kita did not provide any medical explanation underlying her conclusory opinion for the ALJ to consider. Similarly, Dr. Kita's April 2017 opinion plaintiff was "unable to return to work due to progression of her disease" lacked any medical explanation. (AR 1031.[2]) The ALJ did not err by discounting these conclusory opinions. *See Batson v. Commissioner*, 359 F.3d 1190, 1195 (9th Cir. 2004) (a treating physician's opinion may be discounted when it is "conclusory, brief, and unsupported by the record as a whole . . . or by objective medical findings").

In October 2013, September 2014, and August 2015 Dr. Kita opined plaintiff could not stand, sit, or walk for any appreciable length of time. (AR 1274-75, 1295, 1319.) The ALJ permissibly discounted these opinions as inconsistent with plaintiff's activities. *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (affirming an ALJ's rejection of a treating

---

[2] Dr. Kita also opined plaintiff was "able to engage in only limited stress situations and engage in limited interpersonal relations" but plaintiff does not challenge rejection of this portion of the opinion. (AR 1032.)

ORDER
PAGE - 5

physician's opinion that was inconsistent with the claimant's level of activity).  A December 2013 surveillance video showed plaintiff shopping at a clothing store and then a grocery store on the same day, walking through both parking lots, pushing a full shopping cart, and lifting heavy bags. (AR 1201.)  Plaintiff contends her condition has worsened since the video was taken.  In support, she points to her own self-reports, but does not challenge the ALJ's discounting of such reports. She also states medical imaging shows new lesions, but the record does not show new lesions necessarily reflect worsening function.  And she points to additional treatment, but these records do not state treatment was based on worsening symptoms.  The ALJ did not err by discounting Dr. Kita's opinions as inconsistent with plaintiff's activities.

Hal Rappaport, M.D.

In February 2016, neurologist Dr. Rappaport examined plaintiff, reviewed several medical and other records, and viewed the December 2013 surveillance video.  (AR 1190-1202.)  He opined, based on the video, that plaintiff was capable of full-time sedentary work in December 2013, an opinion the ALJ accepted.  (AR 1202.)  Assessing her current condition, Dr. Rappaport opined plaintiff was "probably capable of part-time work.  It is likely she does have some impairment due to fatigue.  It is felt she would be limited to working no more than four hours per day.  It is very difficult to know the true level of her impairment." (AR 1199.)  The ALJ rejected the four-hour limit based on Dr. Rappaport's own uncertainty, conflict with his own and other clinical findings in the record, and plaintiff's choice not to take medication for her multiple sclerosis.  (AR 34-35.)  Dr. Rappaport's statement indicates the four-hour limit is his best estimate based on available information, but he was uncertain of the reliability of the information.  He expressed concerns with plaintiff's self-reports, noting she was "difficult to obtain a reasonable history from, and has great difficulty keeping on task and providing reasonable information." (AR

1199-1200.) Dr. Rappaport's equivocation was a specific and legitimate reason to discount the four-hour limit. *See Khal v. Berryhill*, 690 F. App'x 499, 501 (9th Cir. 2017) (upholding ALJ's rejection of treating physician's opinion because it was equivocal); *see also Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (deferring to ALJ's assessment of "equivocal" medical opinion because "the ALJ is the final arbiter with respect to resolving ambiguities in the medical evidence").

Plaintiff argues Dr. Rappaport was certain she could not perform full-time work and his only uncertainty was whether she could perform part-time work. However, the ALJ's interpretation of Dr. Rappaport's statements as indicating uncertainty that plaintiff was limited from full-time work was reasonable. *See Thomas*, 278 F.3d at 954 (court must uphold ALJ's rational interpretation). Dr. Rappaport stated it was "likely" plaintiff had "some" impairment and he "felt" she was limited to part-time work while acknowledging "difficult[y]" evaluating her impairment. (AR1199.) The ALJ did not err by discounting Dr. Rappaport's opinion.

Russell W. Faria, D.O.

Dr. Faria examined plaintiff in August 2016 and opined she should "avoid forceful fingering and grasping" as well as "prolonged standing and walking." (AR 954.) The ALJ discounted these opinions as inconsistent with his own examination findings and other medical evidence. (AR 33.) As the ALJ noted, Dr. Faria found normal reflexes, coordination, gait, station, and motor strength. The entire report identifies no neurological abnormalities except in plaintiff's vision. (AR 951-54.) Lack of any abnormal findings to support limitations was a specific and legitimate reason to discount Dr. Faria's opinions. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) (affirming rejection of medical "opinion for lack of objective support"); *Thomas*, 278 F.3d at 957 ("The ALJ need not accept the opinion of any physician, including a treating

ORDER
PAGE - 7

physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings."). The ALJ did not err by discounting Dr. Faria's opinions.

A. Stephen Genest, M.D.

Dr. Genest reviewed plaintiff's medical records and the December 2013 surveillance video. He testified at the June 2018 hearing that, based on the surveillance video and repeated normal neurological examinations, he would opine no exertional limitations. (AR 83-84.) However, when asked about Dr. Faria's limitation prohibiting prolonged standing or walking and Dr. Rappaport's limitation to four hours work per day, Dr. Genest testified those limitations were reasonable. (AR 85, 87-88.) The ALJ reasonably rejected Dr. Genest's opinions based on his equivocation. (AR 35.) To opine plaintiff could work a full eight-hour day and also agree she could work no more than four hours is no opinion at all. The ALJ did not err by discounting Dr. Genest's opinion.

Shirley Deem, M.D.

Dr. Deem examined plaintiff in May 2014 and opined she could stand and walk four hours per day, sit four hours per day, and occasionally do manipulative activities. (AR 749.) The ALJ rejected these limitations as inconsistent with Dr. Deem's own findings of normal sensation, range of motion, and motor strength. (AR 33.) The lack of any supporting abnormal findings was a specific and legitimate reason to discount Dr. Deem's opinions. Her report identifies no abnormalities in support of the opined limitations. The ALJ did not err by discounting Dr. Deem's opinions.

Loren W. McCollum, Ph.D.

Psychologist Dr. McCollum examined plaintiff in April 2014 and opined she was "able to complete simple and repetitive tasks, although her ability to do so would also be dependent upon her physical symptom severity. . . . She would have difficulty persisting for a 40-hour workweek.

ORDER
PAGE - 8

She has difficulty with adaptation, due to the high degree of variability of her medical issues." (AR 745.)  The ALJ rejected Dr. McCollum's opinions as based on his "perception of the claimant's physical impairments, which is outside of the scope of the examination and of Dr. McCollum's expertise as a mental health professional."  (AR 33.)  Plaintiff contends a mental health professional is qualified to opine on the effect physical symptoms have on mental health. While that may be true, the ALJ is correct that Dr. McCollum conducted no physical examination, only a mental status examination. (AR 742-44.) Dr. McCollum listed several records he reviewed, but made no reference to them that would suggest he relied on them to assess plaintiff's physical symptom severity.  (AR 738-39.)  Without a basis for assessing physical symptoms other than plaintiff's discounted self-reports, Dr. McCollum's opinions premised on their severity or variability are unsupported.  The ALJ did not err by discounting Dr. McCollum's opinions.

## **CONCLUSION**

For the reasons set forth above, this matter is AFFIRMED.

DATED this 6th day of July, 2020.

Mary Alice Theiler
United States Magistrate Judge

ORDER
PAGE - 9